FILED

2023 May-05  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **REBECCA J. PIEDRA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **DDS SOLUTIONS, LLC,** | ) | |
| | ) | **JURY DEMAND** |
| **DEFENDANT.** | ) | |

---

## COMPLAINT

---

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," as amended, 42 U.S.C. §1981. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981, providing injunctive and other relief against race discrimination and retaliation.

## II. PARTIES

2. Plaintiff, Rebecca J. Piedra, ("Ms. Piedra" or "Plaintiff") is bi-racial female citizen of the United States and is a resident of Hoover, Alabama.

3.     Defendant, DDS Solutions, LLC, ("Defendant" or "DDS") is a domestic limited liability company doing business in Alabama. The Defendant is engaged in business in Vestavia, Alabama.

4.     At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. §2000e (b), (g) and (h).

### III. ADMINISTRATIVE PROCEDURES

5.     Plaintiff hereby adopts and realleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

6.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation by their employer, DDS Solutions, LLC.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against Plaintiff and others similarly situated on account of racial discrimination and from retaliating against Plaintiff and other employees.

8.     On December 5, 2022, within 180 days of the last discriminatory act of which Plaintiff complains, she filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC").  (Exhibit A).

9.      Plaintiff's Determination and Notice of Rights was mailed by the EEOC to Plaintiff  on February 6, 2023, and Plaintiff has filed suit within ninety (90) days of receipt. (Exhibit B).

10.     All administrative prerequisites for filing this suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

## COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII AND § 1981
### RACIAL DISCRIMINATION AND HARASSMENT CLAIMS

11.     Plaintiff Rebecca J. Piedra hereby adopts and realleges paragraphs one (1) through ten (10), herein above as if fully set forth herein.

12.     Plaintiff, Rebecca J. Piedra, is a biracial female, is married to Black man and has a bi-racial child.

13.     Plaintiff began her employment with Defendant in or around October 2021, and was hired as a freight broker.

14.     Plaintiff was a good employee and routinely ranked in the top ten of all freight brokers.

15.     There were approximately thirty freight brokers employed by Defendant during Plaintiff's employment and Plaintiff was the only person of color.

16.     Plaintiff placed pictures of her family on her desk of her Black husband

and her biracial child.

17.     All of the other freight brokers employed by Defendant during Plaintiff's employment are Caucasian males.

18.     Plaintiff spoke with the Caucasian Owner, Will Straight, and questioned why there no other people of color working for Defendant.

19.     Mr. Straight responded and informed Plaintiff that he did not have to follow those laws.

20.     Plaintiff reported to work one day in the spring of 2022 with her hair braded and the Caucasian Owner. Mr. Straight, stated to her that she looked "ghetto."

21.     Mr. Straight also informed Plaintiff that she looked better when her hair was not in braids.

22.     Plaintiff was offended by the racial comment.

23.     There were numerous racially offensive comments made in the workplace.

24.     On or about June 23, 2022, Atticus Bowling, Caucasian team leader, stated in the workplace in Plaintiff's presence that he was tired of holidays like Juneteenth and there should be more holidays for White people.

25.     Plaintiff spoke to another employee about Mr. Bowling's offensive comment and complained that women in the office were constantly put down and berated.

26.     On or about June 24, 2022, the employee Plaintiff complained to

reported her complaints to members of management.

27.    The next day Plaintiff was called into the office to meet with Dave Woods, Caucasian Owner and Plaintiff's supervisor, and Lisa Evans, and was informed that she needed to give a statement regarding her complaints about Mr. Bowling's racially offensive comment.

28.    Plaintiff was informed in this meeting with Mr. Woods and Ms. Evans that Mr. Bowling did not say anything offensive, and to Plaintiff's knowledge no action was taken against Mr. Bowling.

29.    After Plaintiff's racial complaints regarding Mr. Bowling, he no longer acknowledged Plaintiff and was no longer willing to help Plaintiff if she needed assistance.

30.    The meeting was confrontational, and Plaintiff cried in this meeting and immediately began to worry about retaliation.

31.    In October 2022, Plaintiff was terminated and informed that it was allegedly for lack of performance.

32.    At the time of her termination Plaintiff was one of the top performers.

33.    Plaintiff has been terminated, denied pay, discriminated against, harassed and treated differently and her race, biracial, the race of her husband, Black, and the race of her daughter, biracial, were factors considered by Defendant in its decision to terminate Plaintiff.

34.    Defendant, upon information and belief, has a habit and/or practice of

engaging in discriminating conduct and harassing against Blacks.

35.    Defendant condoned and tolerated discrimination and harassment in the workplace.

36.    Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

37.    Defendant's illegal discriminatory and harassing actions injured Plaintiff.

38.    Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

39.    Plaintiff's race, biracial, was a motivating factor in Defendant's unlawful and discriminatory and harassing treatment of her.

40.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

41.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## COUNT TWO

### PLAINTIFF'S TITLE VII AND SECTION 1981 RETALIATION CLAIMS

10.     Plaintiff Rebecca J. Piedra hereby adopts and realleges paragraphs one (1) through ten (10), herein above as if fully set forth herein.

11.     Plaintiff engaged in protected activity and complained to supervisory and managerial employees about racially offensive comments in the workplace.

12.     Plaintiff had a good faith belief that Defendant was discriminating against her, and she engaged in protected activity and suffered adverse actions.

13.     Plaintiff was harassed and terminated after she engaged in protected activity.

14.     There is a causal connection between Plaintiff's protected activity and the adverse actions she has suffered.

15.     Defendant's retaliation against Plaintiff for her complaints and protected activity have caused Plaintiff injury.

16.     Defendant has a policy prohibiting retaliation; however, Defendant willfully violated its own policy and federal laws that prohibit retaliatory conduct in the workplace.

17.     As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary

and pecuniary losses.

18.    Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

19.    Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliatory treatment; order Defendant to institute and carry out policies, practices, and programs that provide protections to employees from retaliation, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination and retaliation; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## PRAYER FOR RELIEF FOR ALL CLAIMS

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of this action and award her the following relief:

a.      Enter a declaratory judgment that policies Defendant may claim were in effect, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

s/Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

9

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFFS' ADDRESS**:

Ms. Rebecca J. Peidra
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203

**DEFENDANT'S ADDRESS:**

c/o David Woods
4016 Marthas Circle
Birmingham, AL 35243